MICHAEL FAILLACE ESQ.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ANDRES SANCHEZ, *individually and on*
*behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) AND RULE 23 CLASS ACTION** |
| 12 CHAIRS BYN, LLC (d/b/a 12 CHAIRS), RON KEREN (a.k.a RON KEEREN), , RONEN GRADY and MAYAAN GLASS , | |
| *Defendants.* | **ECF Case** |

-------------------------------------------------------X

Plaintiff Andres Sanchez ("Plaintiff Sanchez" or "Mr. Sanchez"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace Esq., upon his knowledge and belief, and as against 12 Chairs Byn, LLC. (d/b/a 12 Chairs), ("Defendant Corporation"), Ron Keren (a.k.a Ron Keeren),  Ronen Grady, and  Mayaan Glass, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

1.      Plaintiff Sanchez is a former employee of Defendants 12 Chairs Byn, LLC (d/b/a 12 Chairs), Ron Keren (Aka Ron Keeren), Ronen Grady And Mayaan Glass .

2.       Defendants own, operate, or control a middle eastern restaurant , located at 342 Wythe Avenue, Brooklyn, New York 11211 under the name "12 Chairs".

3.      Upon information and belief, individual Defendants Ron Keren (A.k.a Ron Keeren), Ronen Grady And Mayaan Glass , serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Sanchez was employed as a busboy/food runner at the middle eastern restaurant  located at 342 Wythe Avenue, Brooklyn, New York 11211.

5.      Plaintiff Sanchez was ostensibly employed as a busboy/food runner. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to refilling containers  of honey mustard, bringing up paper   bags from the basement and placing them at the delivery desk, cleaning tables, carrying ice from the basement to the bar, sweeping and mopping, cleaning the bar, taking out the garbage from the bar and the bathrooms and preparing  delivery packets, (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiff Sanchez worked for Defendants without appropriate minimum wage for the hours that he worked.

7.      Rather, Defendants failed to pay Plaintiff Sanchez appropriately for any hours worked at the straight rate of pay.

8.      Defendants employed and accounted for Plaintiff Sanchez as a busboy/food runner in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

9.      Regardless, at all relevant times, Defendants paid Plaintiff Sanchez at a rate that was lower than the required minimum  wage rate.

10.    However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Sanchez's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

11.    Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Sanchez's actual duties in payroll records by designating him as a busboy/food runner instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Sanchez at the minimum wage rate.

12.    Defendants' conduct extended beyond Plaintiff Sanchez to all other similarly situated employees.

13.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Sanchez and other employees to work without providing the minimum wage required by federal and state law and regulations.

14.    Plaintiff Sanchez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

15.    Plaintiff Sanchez seeks certification of this action as a class action under Rule 23 and seeks certification of this action as a collective action on behalf of himself individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Sanchez's state law claims under 28 U.S.C. § 1367(a).

17.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a middle eastern restaurant located in this district. Further, Plaintiff Sanchez was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

18.    Plaintiff Andres Sanchez ("Plaintiff Sanchez" or "Mr. Sanchez") is an adult individual residing in New York County, New York.

19.    Plaintiff Sanchez was employed by Defendants at 12 chairs Middle eastern restaurant from approximately July 14, 2019 until on or about March 16, 2025.

20.    Plaintiff Sanchez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

21.    At all relevant times, Defendants own, operate, or control a middle eastern restaurant , located at 342 Wythe Avenue, Brooklyn, New York 11211 under the name "12 Chairs".

22.    Upon information and belief, 12 CHAIRS BYN, LLC (D/B/A 12 CHAIRS), is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 342 Wythe Avenue, Brooklyn, New York 11211.

23.    Defendant Ron Keren (a.k.a Ron Keeren),  is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ron Keren

(a.k.a Ron Keeren), is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Ron Keren (Aka Ron Keeren), possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiff Sanchez, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

24.     Defendant Ronen Grady is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ronen Grady is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant RONEN GRADY possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiff Sanchez, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

25.     Defendant Mayaan Glass is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mayaan Glass is sued individually in his capacity as a manager of Defendant Corporation. Defendant Mayaan Glass possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Sanchez , establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

26.    Defendants operate a middle eastern restaurant  located in the Williamsburg section of Brooklyn in New York City.

27.    Individual Defendants, Ron Keren (a.k.a Ron Keeren),  Ronen Grady and Mayaan Glass , possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

28.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.    Each Defendant possessed substantial control over Plaintiff Sanchez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Sanchez, and all similarly situated individuals, referred to herein.

30.    Defendants jointly employed Plaintiff Sanchez (and all similarly situated employees) and are Plaintiff Sanchez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31.    In the alternative, Defendants constitute a single employer of Plaintiff Sanchez and/or similarly situated individuals.

32.    Upon information and belief, Individual Defendants Ron Keren (a.k.a Ron Keeren), Ronen Grady and Mayaan Glass  operated Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

33.    At all relevant times, Defendants were Plaintiff Sanchez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Sanchez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Sanchez's services.

34.    In each year from 2019 to 2025, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

36.     Plaintiff Sanchez is a former employee of Defendants who ostensibly was employed as a busboy/food runner. However, he spent over 20% of each shift performing the non-tipped duties described above.

37.     Plaintiff Sanchez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Andres Sanchez*

38.     Plaintiff Sanchez was employed by Defendants from approximately July 14, 2019 until on or about March 16, 2025.

39.     Defendants ostensibly employed Plaintiff Sanchez as a busboy/food runner.

40.     However, Plaintiff Sanchez was also required to spend a significant portion of his work day performing the non-tipped duties described above.

41.     Although Plaintiff Sanchez ostensibly was employed as a busboy/food runner, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

42.     Plaintiff Sanchez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

43.     Plaintiff Sanchez's work duties required neither discretion nor independent judgment.

44.     Throughout his employment with Defendants, Plaintiff Sanchez regularly worked in excess of 40 hours per week.

45.     From approximately July 2019 until on or about April 2024, Plaintiff Sanchez worked from approximately 4:00 p.m. until on or about 11:00 p.m., Sundays, Wednesdays and Thursdays and from approximately 4:00 p.m. until on or about 1:00 a.m. on Fridays and Saturdays (typically 39 hours per week).

46.     From approximately April 2024 until on or about March 16, 2025, Plaintiff Sanchez worked from approximately 6:00 p.m. until on or about 1:00 a.m., on Fridays, from approximately 4:00 p.m. until on or about 1:00 a.m. on  Saturdays and from approximately 4:00 p.m. until on or about 12:00 a.m., on Sundays (typically 24 hours per week).

47.     From approximately July 2019 until on or about April 2024, Defendants paid Plaintiff Sanchez his wages by check and cash.

48.     From approximately April 2024 until on or about March 16, 2025, Defendants paid Plaintiff Sanchez his wages by check.

49.     From approximately July 2019 until on or about March 2020, Defendants paid Plaintiff Sanchez $15.00 per hour.

50.     From approximately March 2020 until on or about March 16, 2025, Defendants paid Plaintiff Sanchez $12.50 per hour.

51.     Plaintiff Sanchez was never notified by Defendants that his tips were being included as an offset for wages.

52.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Sanchez's wages.

53.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Sanchez regarding overtime and wages under the FLSA and NYLL.

54.     Defendants did not provide Plaintiff Sanchez an accurate statement of wages, as required by NYLL 195(3).

55.     Defendants did not give any notice to Plaintiff Sanchez, in English and in Spanish (Plaintiff Sanchez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

56.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Sanchez (and all similarly situated employees) to work without paying him appropriate minimum wage as required by federal and state laws.

57.     Plaintiff Sanchez was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

58.     Defendants required Plaintiff Sanchez and all other busboy/food runners to perform general non-tipped tasks in addition to their primary duties as busboy/food runners.

59.      Plaintiff Sanchez and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

60.     Plaintiff Sanchez's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

61.     Plaintiff Sanchez and all other tipped workers were paid at a rate that was lower than the minimum rate by Defendants

62.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Sanchez's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

63.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

64.     In violation of federal and state law as codified above, Defendants classified Plaintiff Sanchez and other tipped workers as tipped employees, and paid them at a rate that was lower than the minimum wage rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

65.     Defendants failed to inform Plaintiff Sanchez who received tips that Defendants intended to take a deduction against Plaintiff Sanchez's earned wages for tip income, as required by the NYLL before any deduction may be taken.

66.     Defendants failed to inform Plaintiff Sanchez who received tips, that his tips were being credited towards the payment of the minimum wage.

67.     Defendants failed to maintain a record of tips earned by Plaintiff Sanchez who worked as a busboy/food runner for the tips he received.

68.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

69.    From approximately July 2019 until on or about April 2014, Defendants paid Plaintiff Sanches his wages in a combination of check and cash.

70.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Sanchez (and similarly situated individuals) worked, and to avoid paying Plaintiff Sanchez properly for his full hours worked.

71.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

72.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Sanchez and other similarly situated former workers.

73.    Defendants failed to provide Plaintiff  Sanchez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

74.    Defendants failed to provide Plaintiff Sanchez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by

the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

75.     Plaintiff Sanchez brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 Class Period").

76.     At all relevant times, Plaintiff Sanchez and other members of the FLSA and Rule 23 Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

77.     The claims of Plaintiff Sanchez stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

78.     Plaintiff Sanchez  sues on his own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

79.     Plaintiff Sanchez brings his New York Labor Law minimum wage, wage deduction and liquidated damages claims on behalf of all persons who were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff Sanchez , are referred to herein as the "Class."

80.     The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

81.     There are questions of law and fact common to the Class including:

a)  What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d)  Whether Defendants failed and/or refused to pay Plaintiff Sanchez the minimum wage within the meaning of the New York Labor Law;

e)  Whether Defendants improperly deducted "shorts" from the Plaintiff Sanchez's wages;

f)  At what common rate, or rates subject to common methods of calculation, were Defendants required to pay the class members for their work; and

g) What were the common conditions of employment and in the workplace, such as recordkeeping, clock- in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

82. The claims of the representative party are typical of the claims of the class. Plaintiff Sanchez and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning withholding of tips, sharing those tips with non-tipped workers, and failure to keep required records. The job duties of the named Plaintiff was and is typical of those of class members.

83. The representative party will fairly and adequately protect the interests of the Class and had no interests antagonistic to the class. The Named Plaintiff Sanchez is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

84. The common questions of law and fact predominate over questions affecting only individual members.

85. A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual Plaintiff Sanchez lacks the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members is small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

86.     Defendants acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

87.

## **FIRST CAUSE OF ACTION**

## **VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

88.     Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

89.     At all times relevant to this action, Defendants were Plaintiff Sanchez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Sanchez (and the FLSA and Rule 23 class members  ), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

90.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

91.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

92.     Defendants failed to pay Plaintiff Sanchez (and the FLSA and Rule 23 class members  ) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

93.     Defendants' failure to pay Plaintiff Sanchez (and the FLSA and Rule 23 class members  ) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

94.     Plaintiff Sanchez (and the FLSA and Rule 23 class members  ) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

95.      Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

96.      At all times relevant to this action, Defendants were Plaintiff Sanchez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Sanchez, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

97.      Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Sanchez and the FLSA and Rule 23 class members less than the minimum wage.

98.      Defendants' failure to pay Plaintiff Sanchez and the FLSA and Rule 23 class members the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

99.      Plaintiff Sanchez was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

100.      Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

101.      Defendants failed to provide Plaintiff Sanchez and the Rule 23 class members with a written notice, in English and in Spanish (Plaintiff Sanchez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main

office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

102.    Defendants are liable to Plaintiff Sanchez and the Rule 23 class members in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

103.    Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

104.    With each payment of wages, Defendants failed to provide Plaintiff Sanchez and the Rule 23 class members  with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

105.    Defendants are liable to Plaintiff Sanchez and the Rule 23 class members in the amount of $5,000, together with costs and attorneys' fees.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sanchez respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective and Rule 23 action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Sanchez and the FLSA and Rule 23 class members  ;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Sanchez's and the FLSA and Rule 23 class members  ' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Sanchez and the FLSA and Rule 23 class members  ;

(e)     Awarding Plaintiff Sanchez and the FLSA and Rule 23 class members   damages for the amount of unpaid minimum wage and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Sanchez and the FLSA and Rule 23 class members   liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Sanchez and the Rule 23 class members;

(h)     Declaring that Defendants violated the notice requirements of the NYLL with

respect to Plaintiff Sanchez's (and the Rule 23 class members' )compensation, hours, wages and any deductions or credits taken against wages;

(i)    Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Sanchez and the Rule 23 class members;

(j)    Awarding Plaintiff Sanchez and the Rule 23 class members damages for the amount of unpaid minimum wage and for any improper deductions or credits taken against wages as applicable

(k)    Awarding Plaintiff Sanchez and the Rule 23 class members damages for Defendants' violation of the NYLL notice provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)    Awarding Plaintiff Sanchez and the Rule 23 class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wageS shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m)    Awarding Plaintiff Sanchez and the FLSA and Rule 23 class members    pre-judgment and post-judgment interest as applicable;

(n)     Awarding Plaintiff Sanchez and the FLSA and Rule 23 class members    the expenses incurred in this action, including costs and attorneys' fees;

(o)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)    All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Sanchez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

March 28, 2025

MICHAEL FAILLACE ESQ.

By: _____ /s/ Michael Faillace _____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*