UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ANDREAS SANCHEZ, *individually and on behalf of all others similarly situated,*

                       Plaintiff,                           25-cv-01751

        -against-                           **ANSWER**

12 CHAIRS BYN, LLC (d/b/a 12 CHAIRS),
RON KEREN (a.k.a RON KEEREN),
RONEN GRADY, and MAYAAN GLASS,

                    Defendants.
---------------------------------------------------------X

Defendants, 12 CHAIRS BYN, LLC ("12 CHAIRS"), RON KEREN ("KEREN"), RONEN GRADY ("GRADY"), and MAYAAN GLASS ("GLASS") (collectively hereinafter "Defendants"), by their attorneys, DAVIDOFF HUTCHER & CITRON, LLP, as and for their Answer to the Complaint, filed on March 31, 2025, respectfully assert the following:

**NATURE OF ACTION**

1.      Deny the allegations in Paragraph 1 of the Complaint, except admit that Plaintiff was an employee of 12 CHAIRS.

2.      State that the allegations in Paragraph 2 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required admit that 12 CHAIRS is located at 342 Wythe Avenue, Brooklyn, New York 11211, and that it operates under the fictitious name of "12 Chairs" but deny the remainder of the allegations in Paragraph 2.

1

3.      State that the allegations in Paragraph 3 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required deny the allegations in Paragraph 3.

4.      Admit that Plaintiff was an employee of 12 CHAIRS, and that he was employed as a busser/food runner but deny the remainder of the allegation in Paragraph 4 of the Complaint.

5.      Deny the allegations in Paragraph 5 of the Complaint.

6.      Deny the allegations in Paragraph 6 of the Complaint.

7.      Deny the allegations in Paragraph 7 of the Complaint.

8.      Deny the allegations in Paragraph 8 of the Complaint.

9.      Deny the allegations in Paragraph 9 of the Complaint.

10.     State that the allegations in Paragraph 10 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 10.

11.     Deny the allegations in Paragraph 11 of the Complaint.

12.     Deny the allegations in Paragraph 12 of the Complaint.

13.     Deny the allegations in Paragraph 13 of the Complaint.

14.     Admit that Plaintiff purports to bring this action as stated in Paragraph 14 of the Complaint and deny the remainder of the allegations in Paragraph 14.

15.     Admit that Plaintiff purports to bring this action as stated in Paragraph 15 of the Complaint and deny the remainder of the allegations in Paragraph 15.

## JURISDICTION AND VENUE

16.    State that the allegations in Paragraph 16 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 16.

17.    State that the allegations in Paragraph 17 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 17.

## PARTIES

### *Plaintiff*

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19.    Deny the allegations in Paragraph 19 of the Complaint, except admit that Plaintiff was an employee of 12 CHAIRS.

20.    State that the allegations in Paragraph 20 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 20.

### *Defendants*

21.    State that the allegations in Paragraph 21 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 21, except admit that 12 CHAIRS is located at 342 Wythe Avenue, Brooklyn, New York 11211.

22.    Deny the allegations in Paragraph 22 of the Complaint.

23.     State that the allegations in Paragraph 23 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 23.

24.     State that the allegations in Paragraph 24 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 24.

25.     State that the allegations in Paragraph 25 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 25.

## FACTUAL ALLEGATIONS

26.     Deny the allegations in Paragraph 26 of the Complaint.

27.     State that the allegations in Paragraph 27 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 27.

28.     State that the allegations in Paragraph 28 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 28.

29.     State that the allegations in Paragraph 29 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 29.

30.     State that the allegations in Paragraph 30 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 30.

31.     State that the allegations in Paragraph 31 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 31.

32.     State that the allegations in Paragraph 32 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 32.

33.     State allegations in Paragraph 33 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 33.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint.

35.     State that the allegations in Paragraph 35 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 35.

*Individual Plaintiff*

36.     State that the allegations in Paragraph 36 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 36.

37.     Admit that Plaintiff purports to bring this action as stated in Paragraph 37 of the Complaint and deny the remainder of the allegations in Paragraph 37.

*Plaintiff Santiago Carrera Alejandro*

38.     Deny the allegations in Paragraph 38 of the Complaint.

39. Admit that Plaintiff was an employee of 12 CHAIRS, and that he was employed as a busser/food runner but deny the remainder of the allegation in Paragraph 39 of the Complaint.

40. Deny the allegations in Paragraph 40 of the Complaint.

41. Deny the allegations in Paragraph 41 of the Complaint.

42. Deny the allegations in Paragraph 42 of the Complaint.

43. Deny the allegations in Paragraph 43 of the Complaint.

44. Deny the allegations in Paragraph 44 of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint.

47. Deny the allegations in Paragraph 47 of the Complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint.

51. Deny the allegations in Paragraph 51 of the Complaint.

52. Deny the allegations in Paragraph 52 of the Complaint.

53. Deny the allegations in Paragraph 53 of the Complaint.

54. Deny the allegations in Paragraph 54 of the Complaint.

55. Deny the allegations in Paragraph 55 of the Complaint.

*Defendant's General Employment Practices*

56.     State that the allegations in Paragraph 56 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 56.

57.     State that the allegations in Paragraph 57 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 57.

58.     State that the allegations in Paragraph 58 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 58.

59.     Deny the allegations in Paragraph 59 of the Complaint.

60.     State that the allegations in Paragraph 60 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 60.

61.     Deny the allegations in Paragraph 61 of the Complaint.

62.     State that the allegations in Paragraph 62 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 62.

63.     State that the allegations in Paragraph 63 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 63.

64. State that the allegations in Paragraph 64 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 64.

65. State that the allegations in Paragraph 65 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 65.

66. Deny the allegations in Paragraph 66 of the Complaint.

67. Deny the allegations in Paragraph 67 of the Complaint.

68. State that the allegations in Paragraph 68 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 68.

69. State that the allegations in Paragraph 69 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 69.

70. State that the allegations in Paragraph 70 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 70.

71. State that the allegations in Paragraph 71 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 71.

72. State that the allegations in Paragraph 72 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 72.

73.     State that the allegations in Paragraph 73 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 73.

74.     State that the allegations in Paragraph 74 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 74.

## FLSA COLLECTIVE ACTION CLAIMS

75.     State that the allegations in Paragraph 75 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 75.

76.     State that the allegations in Paragraph 76 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 76.

77.     State that the allegations in Paragraph 77 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 77.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

78.     State that the allegations in Paragraph 78 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 78.

79.     State that the allegations in Paragraph 79 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 79.

80. State that the allegations in Paragraph 80 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 80.

81. State that the allegations in Paragraph 81 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 81.

82. State that the allegations in Paragraph 82 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 82.

83. State that the allegations in Paragraph 83 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 83.

84. State that the allegations in Paragraph 84 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 84.

85. State that the allegations in Paragraph 85 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 85.

86. State that the allegations in Paragraph 86 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 86.

87. State that there are no allegations in Paragraph 87 of the Complaint, and therefore, no response is required.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

88. Defendants repeat and reassert their responses to the allegations in Paragraphs 1 through 87 of the Complaint as if fully restated herein.

89. State that the allegations in Paragraph 89 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 89.

90. State that the allegations in Paragraph 90 of the Complaint constitute legal conclusions which require neither an admission nor denial, but to the extent a response is required, deny the allegations in Paragraph 90.

91. State that the allegations in Paragraph 91 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 91.

92. State that the allegations in Paragraph 92 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 92.

93. State that the allegations in Paragraph 93 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 93.

94. State that the allegations in Paragraph 94 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 94.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

95.    Defendants repeat and reassert their responses to the allegations in Paragraphs 1 through 94 of the Complaint as if fully restated herein.

96.    State that the allegations in Paragraph 96 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 96.

97.    State that the allegations in Paragraph 97 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 97.

98.    State that the allegations in Paragraph 98 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 98.

99.    State that the allegations in Paragraph 98 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 99.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

100.    Defendants repeat and reassert their responses to the allegations in Paragraphs 1 through 99 of the Complaint as if fully restated herein.

101.    State that the allegations in Paragraph 101 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 101.

102.    State that the allegations in Paragraph 102 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 102.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

103.    Defendants repeat and reassert their responses to the allegations in Paragraphs 1 through 102 as if fully restated therein.

104.    State that the allegations in Paragraph 104 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 104.

105.    State that the allegations in Paragraph 105 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, deny the allegations in Paragraph 105.

## PRAYER FOR RELIEF

Deny that Plaintiff is entitled to any of the relief in the Prayer for Relief section of the Complaint, or to any relief at all, from the Defendants.

## AS FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## AS FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands, and/or other equitable defenses.

## AS FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### AS FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff and any alleged similarly situated individuals, at all times herein, were lawfully compensated in accordance with the FLSA, the applicable regulations of the United States Department of Labor, and with the applicable regulations of the New York Department of Labor.

### AS FOR A FIFTH AFFIRMATIVE DEFENSE

Defendants KEREN, GRADY, and GLASS are not proper defendants in this action as they are/were not an "employer" of the Plaintiff within the scope of the Fair Labor Standards Act and/or the New York Labor Law.

### AS FOR A SIXTH AFFIRMATIVE DEFENSE

The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under the New York Labor Law.

### AS FOR A SEVENTH AFFIRMATIVE DEFENSE

At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA, the applicable regulations of the United States Department of Labor, and with the applicable regulations of the New York Department of Labor.

### AS FOR AN EIGHTH AFFIRMATIVE DEFENSE

Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA or the New York Labor Law.

### AS FOR A NINTH AFFIRMATIVE DEFENSE

Without assuming the burden of proof, Defendants complied with all recordkeeping requirements of the FLSA, the applicable regulations of the United States Department of Labor, and with the applicable regulations of the New York Department of Labor.

14

### AS FOR A TENTH AFFIRMATIVE DEFENSE

Defendants' actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the New York Department of Labor.

### AS FOR AN ELEVENTH AFFIRMATIVE DEFENSE

All and any actions taken by Defendants with respect to Plaintiff were supported by legitimate business reasons.

### AS FOR A TWELVTH AFFIRMATIVE DEFENSE

Any claim for additional compensation by Plaintiff must be reduced by compensation already paid to Plaintiff for periods not compensable under the Fair Labor Standards Act or the New York Labor Law.

### AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish or satisfy the requirements for a collective action pursuant to Section 216(b) of the FLSA, and there, the collective action allegations of the Complaint should be stricken and dismissed.

### AS FOR A FOURTEENTH AFFIRMATIVE DEFENSE

The FLSA and its collective action procedure preempt state law that might otherwise permit class action treatment.

### AS FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the other putative class members, are barred by the failure to mitigate their damages, if any.

## AS FOR A SIXTEENTH AFFIRMATIVE DEFENSE

The damages sought by Plaintiff on behalf of himself and the other putative class members cannot be recovered without specific proof of injury and damage by Plaintiff and by each putative class member.

## AS FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, pursuant *inter alia*, to the Portal-to-Portal Act, 29 U.S.C. § 260, and the FLSA.

At this point, discovery in this action has not been commenced or accomplished in any fashion, and as such, Defendants reserve the right to amend its answer and affirmative defenses as additional facts, issues, or defenses may be discovered.

**WHEREFORE**, Defendants request judgment against the Plaintiff with respect to his claims asserted herein, dismissing the Complaint in the above action, and request judgment in favor of Defendants, together with costs and disbursement of the above-entitled action and any other relief this court may deem just and proper.

Dated: June 23, 2025
New York, New York

Respectfully submitted,

**DAVIDOFF HUTCHER & CITRON LLP**

By: _Andreas Koutsoudakis_
        Andreas Koutsoudakis, Esq.

605 Third Avenue, 15th Floor
New York, New York 10158
E: aak@dhclegal.com
O: (212) 557-7200
D: (646) 428-3235

16